Wu v. Whitaker

BIA
A076 100 741

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand eighteen.

PRESENT:
JON O. NEWMAN,
DENNIS JACOBS,
PIERRE N. LEVAL,
*Circuit Judges.*

_____

XIN ZHAO WU, AKA XIN ZAO WU,
*Petitioner,*

v.                                                      **15-4031**
                                                        **NAC**

MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Theodore N. Cox, New York, NY.

FOR RESPONDENT:          Benjamin C. Mizer, Principal
                         Deputy Assistant Attorney General;
                         Holly M. Smith, Senior Litigation
                         Counsel; Rachel L. Browning, Trial

Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xin Zhao Wu, a native and citizen of the People's Republic of China, seeks review of a November 23, 2015, BIA decision denying his motion to reopen his removal proceedings. *In re Xin Zhao Wu,* No. A076 100 741 (B.I.A. Nov. 23, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). Wu moved to reopen his removal proceedings to present evidence of his claimed fear of persecution based on the births of his children in the United States purportedly in violation of China's population control program and based on his practice of Christianity.

It is undisputed that Wu's motion to reopen was untimely because it was filed more than fifteen years after an immigration judge ordered him removed in absentia. *See*

2

07102018-4

8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The time limitation does not apply if the motion is to reopen proceedings in order to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

We find no error in the BIA's determination that Wu failed to demonstrate materially changed country conditions related to the enforcement of the family planning policy. *See Jian Hui Shao*, 546 F.3d at 159-66, 169-73 (agreeing with the agency's determination that evidence of isolated incidents involving the use of force were insufficient in light of significant country conditions evidence reflecting the use of fines and economic incentives rather than force to enforce the family planning policy). Nor did the BIA err in finding that Wu's evidence revealed that the Chinese government has continuously repressed unregistered religious groups since before Wu's 2000 proceedings and that the repression has varied in degree from year to year

3

and by region. *See In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the agency] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."); *see also id.* at 257 ("Change that is incremental or incidental does not meet the regulatory requirements for late motions . . . .").

Accordingly, because Wu did not establish a material change in conditions in China, the BIA did not abuse its discretion in denying his motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c). We do not reach the BIA's alternative basis for denying Wu's motion— his failure to establish his prima facie eligibility for relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

4

The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                FOR THE COURT:
                                Catherine O'Hagan Wolfe
                                Clerk of Court

07102018-4